**Albert PERRY**

v.

**TENSAS PARISH SCHOOL BOARD et al.**

**Civ. A. No. 17078.**

United States District Court,
W. D. Louisiana,
Monroe Division.

Nov. 16, 1971.

---

Robert P. McLeod, Kidd & McLeod, Monroe, La., for plaintiff.

Thompson L. Clarke, Dist. Atty., St. Joseph, La., for defendants.

NAUMAN S. SCOTT, District Judge:

Plaintiff, a "non-tenure" teacher in the Tensas Parish School System, instituted action seeking "declaratory relief, an injunction, and other appropriate equitable relief". A hearing was set by this Court on plaintiff's motion for preliminary injunction. Plaintiff is seeking to restrain the School Board from removing him from his teaching position. At a pre-hearing conference held in Chambers, the question of the need for a hearing before the School Board was presented to the Court. Counsel for both parties were directed by the Court to submit a memorandum of authorities on that question. It was agreed that all further action in this case would be suspended pending the Court's ruling.

The sole issue before this Court is whether under the specific facts present in this litigation the School Board should hold a "due process" hearing prior to their refusal to renew the plaintiff's teaching contract.

From an examination of the record certain facts will be accepted as established for the purpose of this ruling only. Plaintiff is a "non-tenure" instructor without an expectancy of employment. He was informed in writing on June 8, 1971 that the School Board had decided not to extend his contract for the 1971–72 school year. The reason stated for this action being the unsatisfactory nature of plaintiff's work during the 1970–71 school year. No formal hearing on this decision was held. State law does not require a hearing in case of "non-tenure" teachers. The record does not reveal any request by the plaintiff to the School Board for a hearing on his dismissal. Rather, he alleges as "First Cause of Action: The actions of defendants in discharging plaintiff teacher without a due process hearing because of his race deprives plaintiff of his civil rights * * *". School officials attempted to have a conference with Mr. Perry to discuss his teaching deficiencies. Plaintiff left this conference with the school officials, informing those present that any further dealings with him should be directed to his attorney.

"Except in cases where the teacher or the institution refuses to follow these suggested procedures ["due-process" hearing] or the positions of the parties are such as to demonstrate that following such procedures would be a needless waste of time (* * *), a court whose jurisdiction is invoked ordinarily should stay its hand * * *." (emphasis added). Sindermann v. Perry, 430 F.2d 939, 945 (5th Cir. 1970), cert. granted, 403 U.S. 917, 91 S.Ct. 2226, 29 L.Ed.2d 694.

Without being forced to reach the question of a "non-tenure" teacher's right to a "due-process" hearing when he alleges that his dismissal is tainted with constitutional infirmities, this Court finds that in view of positions of the parties as established by the record, the holding of such hearing would be a vain and useless waste of time.

It is ordered that a hearing be held at 1:00 o'clock P.M. on the 8th day of December, 1971 in this Court on all matters incident to this litigation, with the end being an expeditious and final determination of all issues.